IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRY FERGUSON, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:17-CV-00366-N |
| | § | |
| NOVA ACADEMY | § | |
| | § | |
| *Defendant.* | § | |

I.

II.  **PLAINTIFF'S RESPONSE BRIEF IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

Respectfully Submitted,

**Law Office of Mellannise Henderson-Love, P.L.L.C.**

*/s/Mellannise Henderson-Love*
State Bar No. 0079674
3102 Maple Avenue, Suite 400
Dallas, Texas 75201
Tel: (214) 638-8777
Fax: (214) 291-5331
**ATTORNEY FOR PLAINTIFF
SHERRY FERGUSON**

**PLAINTIFF SHERRY FERGUSON'S RESPONSE BRIEF IN OPPPOSITION OF DEFENDANT NOVA ACADEMY'S  MOTION FOR SUMMARY JUDGMENT**

Plaintiff, *Sherry Ferguson*, ("Ferguson" or "Plaintiff" herein) files this Response Brief in Opposition to Defendant Nova Academy's ("Nova") Motion for Summary Judgment pursuant to Fed. R. Civ. P. 56 and would respectfully show the Court as follows:

### III.   SUMMARY OF THE CASE:

Plaintiff incorporates by reference the facts outlined in her Amended Complaint, Docket Entry( #19) as if fully recited herein.

Sherry Ferguson was employed by Nova Academy in 2008 until her unlawful discharge on June 6, 2011.  In this action, Ms. Ferguson asserts that she was a victim of unlawful discrimination and retaliation in violation of Title I of the Americans with Disabilities Act of 1990, as amended 42 U.S.C. §12111 of 1990, et seq., section 503(e). Americans with Disabilities Act, Retaliation, U.S.C. §12101 Americans with Disabilities Act ("ADA"). Because of the Defendant's unlawful actions, Plaintiff has sustained substantial damages to which she seeks to recover in this litigation. Ms. Ferguson maintains that Nova Academy took overt discriminatory actions regarding Plaintiff's employment, which were *not* for any legitimate, nondiscriminatory, nonretaliatory reasons and there is no evidence to the contrary.  To further Plaintiff's theory of discrimination, Plaintiff filed a claim of discrimination with the EEOC, who also believed and found that that there was just cause for a finding of discrimination by the Defendant. Based on the arguments below, the Defendant's Motion for Summary Judgment should be denied.

## IV.     SUMMARY JUDGMENT STANDARD OF REVIEW:

The standard for reviewing a traditional summary judgment is well-established. *See Sysco Food Servs. v. Trapnell*, 890 S.W.2d 796, 800 (Tex. 1994); *Nixon v. Mr. Prop. Mgmt. Co.*, 690 S.W.2d 546, 548–49 (Tex. 1985); *Tex. Integrated Conveyor Sys., Inc. v. Innovative Conveyor Concepts, Inc.*, 300 S.W.3d 348, 365 (Tex. App.-Dallas 2009, pet. denied). An appellate court reviews a summary judgment de novo to determine whether a party's right to prevail is established as a matter of law. *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003); *Tex. Integrated*, 300 S.W.3d at 365. When reviewing motion for summary judgment, the appellate court takes the nonmovant's evidence as true, indulges every reasonable inference in favor of the nonmovant, and resolves all doubts in favor of the nonmovant. *Provident Life*, 128 S.W.3d at 215; *Tex. Integrated*, 300 S.W.3d at 365. When a trial court's order does not specify the grounds for its summary judgment, an appellate court must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious. *Provident Life*, 128 S.W.3d at 216; *Tex. Integrated*, 300 S.W.3d at 365. However, ordinarily, when a trial court grants summary judgment on specific grounds, appellate courts limit their consideration on appeal to the grounds upon which the trial court granted summary judgment. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625–26 (Tex. 1996).

### V.  ARGUMENTS AND AUTHORITIES:

**A. The History and Purpose of the ADA:**

The Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. 12101 et seq., established a "comprehensive national mandate for the elimination of discrimination against individuals with disabilities." 42 U.S.C. 12101(b)(1).42 U.S.C. 12101(a)(2).

Title I (ADA), which prohibits discrimi-nation in private and public employment.  The ADA was enacted pursuant to both Congress's power under the Fourteenth Amendment and the Interstate Commerce Clause[1] to "provide a clear and comprehensive national mandate for the elimination of discrimination against people with disabilities.[2].Title I of the ADA deals with employment relationships in the private and public sectors. This portion of the ADA prohibits specified employers, including the states, from "discriminating against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment. Employers are simply prohibited from using disability as a factor in employment. The Act also provides remedies under the disparate impact theory of employer liability[3].

**A.  Nova Academy Forfeited Sovereign Immunity Status:**

Plaintiff does not dispute that the Eleventh Amendment of the Constitution bars an individual from bringing suit in Federal Court against a state, unless the state consents, or Congress has clearly abrogated immunity pursuant to a validly exercised power. The "state" includes extensions and

---

[1] See 42 U.S.C. § 1210l(b)(4) (1994).
[2] 42 U.S.C. § 12101(b)(l).
[3] 42 U.S.C. §§ 12112(a), 12111(2), (5), (7)

entities of the state, including school districts and charter Schools[4]. What Plaintiff takes exception to is whether Nova Academy can benefit from the privilege of immunity under Charter School Status. According to a federal criminal indictment filed in the United States District Court Northern District of Dallas, cause number 3-17-CR-665-B; against current CEO, Donna Woods, states that Nova *was* an Open Enrollment Charter School that operated three campuses in Dallas, Texas in the Northern District. The indictment further alleges that "beginning in or about March 2011, and continuing until January 2014, Donna Woods under the umbrella of Nova Academy was involved in a kick-back scheme to conspire to commit mail and wire fraud in violation of 18 U.S.C §§1341 and 1343.[5]

According to the TEA Charter Renewal Agreement, by Nova accepting the charter renewal terms, agreed that any action which renders the charter no longer eligible within the meaning of TEC §12.101(a), the charter contract shall be render void[6]. If the fraud as alleged in the indictment occurred from March 2011 until 2014, that would have been before the 2013, charter contract renewal, and before Ms. Ferguson's termination. As a foundational point, Nova had to mislead the TEA to renew its charter contract-. if the misdeeds of fraud predate the charter renewal. It certainly defies basic logic that Nova could conspire to commit fraud and its CEO be criminally indicted and still benefit from the doctrine of sovereign immunity.

Lastly, in support why sovereign immunity is questionable here- to remain as an open enrollment charter school, the charter must maintain its 501(c)(3) status as outlined in the TEA renewal contract with Nova. If the charter holder loses its 501(c)(3) tax exempt status for any period, it renders the charter void. This is a critical point for this case; according to Internal Revenue Code, an organization must be organized and operated exclusively for exempt

---

[4] Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir. 2002).
[5] (App. 113-121). paragraph one of the Criminal Indictment
[6] (App 123, 124, Defendant's Exhibit "A" TEA Renewal Contract

**DEFENDANT NOVA ACADEMY'S BRIEF IN SUPPORT**
**OF MOTION FOR SUMMARY JUDGMENT**                                        **PAGE 5**

purposes set forth in section 501(c)(3), and none of its earnings may inure to any *private shareholder or individual.* (emphasis added). If the indictment can be used as a guidepost in this case, then Nova forfeited any protection of sovereign immunity based on the fraud, conspiracy, the pending forfeiture of property and the inure to a private shareholder or individual[7].

Based on the above argument, Defendant's motion for summary judgment is not proper if a dispute about a material fact is "genuine. At the very least, Plaintiff has credible summary judgment evidence to preclude summary judgment on the issue of sovereign immunity.

**B.     Plaintiff Is Not Barred from Bringing Claims under Title I of the ADA;**

To the degree that Nova Academy *is and was* all relevant times, an open enrollment charter school of the state of Texas; and if sovereign immunity applies in this case- that immunity is not an absolute bar to Plaintiff's claims under the ADA. Even if the court concludes that Nova should be afforded sovereign immunity, Ferguson can still procced on her claim against Nova, because the Court in *Garrett* did not invalidate injunctive relief. Thus, a state employee like Ms. Ferguson can still sue to enjoin a state employer like Nova from engaging in conduct that violates the ADA[8].

**Plaintiff's Prima Facie Case of Discrimination or Retaliation under the ADA.**

**I.     Discriminatory Termination**

The ADA prohibits an employer from discriminating against a "qualified individual with a disability on the basis of that disability." 42 U.S.C. § 12112(a). In a discriminatory-termination action under the ADA, the employee may either present direct evidence that she was discriminated against because of her disability or alternatively proceed under the burden shifting

---

[7] (Appendix 124-125).
[8] *Id. Board of Trustees of the University of Alabama v. Garrett. 121 S. Ct. 955 (2001).*

analysis first articulated in McDonnell Douglas Corp.  To establish a prima facie case of discrimination, first requires the Plaintiff to establish a prima facie case of discrimination. Thereafter, the Defendant must articulate a legitimate, nondiscriminatory reason for terminating Plaintiff the burden shifts back to the Plaintiff to show that Nova's proffered reason is pretextual. In a Rule 56 context, a prima facie case of discrimination plus a showing that the proffered reason is pretextual is typically enough to survive summary judgment. R*eeves v. Sanderson Plumbing Prods., Inc., 530 U.S.* 133, 146–48, 150 (2000).

     A prima facie case of ADA discrimination, a Plaintiff  to prove (1) she has a disability and (2) she is qualified for the job she held. Compare *Zenor v. El Paso Healthcare Sys., Ltd*., 176 F.3d 847, 853 (5th Cir. 1999), with Burch v. Coca– Cola Co., 119 F.3d 305, 320 (5th Cir. 1997). The cases then splinter into three distinct lines regarding causal nexus. One line of cases requires the employee to prove "(3) that he was subject to an adverse employment decision on account of her disability." Zenor, 176 F.3d at 853 (citing, inter alia, Robertson v. Neuromedical Ctr., 161 F.3d  292, 294 (5th Cir. 1998) (per curiam),. A second line of cases requires the employee to prove "(3) he or she was subject to an adverse employment action; and (4) he or she was replaced by a nondisabled person or was treated less favorably than non-disabled employees." Burch, 119 F.3d at 320 (citing Daigle v. Liberty Life Ins. Co., 70 F.3d 394, 396 (5th Cir. 1995))"[3] she was subjected to an adverse employment action. McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973),

     Plaintiff can make out her prima facie case, (1) she had a disability with her cancer and incontinence ongoing medical treatment and radiation therapies, limitations with walking; these limitation continued up to the date of her termination[9] (Appendix 101, 102, 104).  Ms.

---

[9] he ADA defines "disability" as "(A) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; . . . or

Ferguson was qualified for her position as she was a college graduate from SMU, a reading specialist and after several promotions was ultimately promoted to Director of Curriculum and Instruction with Nova. (Appendix 130,131). Ms. Ferguson was subject to an adverse employment action as she was terminated form her employment on June 6, 2011, and was treated differently than non- disabled employees. (Appendix 102, 104). Specifically, those other employees were not mocked, humiliated, subjected to disparaging remarks, and required to clock in and out as a salaried employee when conducting work related business. (Appendix 101, 102, 104.). The facts support that it was a common practice for employees and administrators to leave the campus without clocking in and out, especially since there were times when the clock did not work proficiently. The fact that Ms. Ferguson was terminated for this offense as a salary employee was inconsistent with Nova Academy's daily practice. In addition, Plaintiff's counter parts, who were similarly situated, Crystal Williams and Thresa Johnson, were not required to clock in and out when running work related errands.. There was a causal connection to Plaintiff protected activity and her termination, as the ongoing harassment by Ms. Woods continued until the date she was terminated.—(Appendix 102, 104).

**D. Nova did not have Nondiscriminatory Reason for Ms. Ferguson's employment.**

In the present case, Plaintiff Ferguson was unlawfully terminated for a non- discriminatory reason. Although Ms. Ferguson was initially given a written warning by Nova Academy regarding the TASKS test on April 29, 2011 that was not her fault[10], as referenced by Theresa Johnson, the subsequent adverse employment action based on leaving the campus for a work-related errand is

---

(C) being regarded as having such an impairment." 42 U.S.C. § 12102(1). To state a "regarded as" disability claim under the ADA, a plaintiff must allege, among other things, that he was "regarded as" disabled, he was a qualified individual, and that a "covered entity"
[10] App 102, 104, 105, 106

evidence of pretext, as this "requirement" was not a common practice with Nova nor had it ever been implements or enforced with other employees.  This" failure" to clock out was *not* a serious or terminable offense, because it was not a failure- as Ms. Ferguson's actions were in line with the regular course of business at Nova. Moreover, Plaintiff was never told nor is it documented anywhere that she was on probationary status, but even if she were, the facts surrounding her termination are nonetheless pretextual.  Plaintiff's termination was not a direct result of any violation with Nova, rather a direct result of the discriminatory practices by Nova Academy. Nova cannot conclusively establish that Plaintiff was terminated for a lawful nondiscriminatory reason, Plaintiff's claim under Title I of the ADA must survive summary judgment as a matter of law.

## VIII. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff, Sherry Ferguson, prays that Defendant's Motion for Summary Judgment be DENIED in all respects, and grant Plaintiff all relief to which she is justly entitled.

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing instrument has been mailed, telecopied or hand delivered to all attorneys of record, in compliance with Rule 21a of the TEXAS RULES OF CIVIL PROCEDURE, on this the 23rd day of February 2018.

**MARK J. DYER**
State Bar No. 06317500
**GABRIELLE M. SHAYEB**
State Bar No. 24102492
9111 Cypress Waters Blvd., Ste. 250
Dallas, TX  75019
(214) 420-5500
(214) 420-5501 (telecopier) dyer@mdjwlaw.com
shayeb@mdjwlaw.com

**ATTORNEYS FOR DEFENDANT**