UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SHERRY FERGUSON, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:17-CV-0366-S-BK |
| | § | |
| NOVA ACADEMY, | § | |
|     Defendant. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and District Judge Scholer's *Order of Reference*, Doc. 31, this case has been referred to the undersigned for findings, conclusions and a recommended disposition of *Defendant's Motion for Summary Judgment*, Doc. 22. For the reasons stated herein, Defendant's motion should be **GRANTED**.

**I. BACKGROUND**

Plaintiff Sherry Ferguson brings this employment discrimination lawsuit against her former employer, Defendant Nova Academy, an open-enrollment charter school. Defendant's charter was granted in 1998. Doc. 23-1 at 2, 6-13. In June 2013, Defendant renewed its charter contract with the Texas Education Agency – effective through July 2023. Doc. 23-1 at 3. Plaintiff worked for Defendant from 2003 until her termination in June 2011. Doc. 23-1 at 2; Doc. 24-2 at 2, 26.

Following her termination, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), in which she alleged that she was (1) discriminated against and harassed by Defendant's CEO, Donna Woods, on the basis of her disabilities (cancer and the resulting incontinence), (2) subjected to a hostile work environment and (3) discharged in retaliation for complaining about the harassment, all in violation of the

Americans with Disabilities Act of 1990 ("ADA"). Doc. 24-2 at 2-3, 27. In May 2015, the EEOC issued a Letter of Determination finding that the evidence supported Plaintiff's contention that she was discriminated and retaliated against in violation of the ADA. Doc. 24-2 at 27-28. The EEOC then invited Plaintiff and Defendant to engage in conciliation. Doc. 24-2 at 28. In November 2016, the EEOC notified Plaintiff of her right to sue Defendant. Doc. 24-2 at 29. On February 8, 2017, Plaintiff filed this lawsuit. Doc. 1.

In *Plaintiff, Sherry Ferguson's First Amended Complaint*, she asserts claims against Defendant for discrimination and retaliation in violation of Title I of the ADA, and seeks injunctive and monetary relief. Doc. 17 at 2, 4-7. On February 2, 2018, Defendant filed the motion *sub judice*, requesting summary judgment in its favor on all of Plaintiff's claims. Doc. 22. A response and reply have been filed. Doc. 24; Doc. 25.

## II. LEGAL STANDARD

Summary judgment shall be granted when the record shows that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986). A dispute regarding a material fact is "genuine . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986) (internal quotation marks omitted). When ruling on a motion for summary judgment, the court is required to view all facts and inferences in the light most favorable to the nonmoving party and resolve all disputed facts in favor of the nonmoving party. *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005). Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary judgment evidence showing the existence of a genuine

dispute of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Id.* at 587 (citation and internal quotation marks omitted).

### III. ARGUMENT

Defendant moves for summary judgment, arguing, *inter alia*, that Plaintiff's ADA claims are barred by the doctrine of sovereign immunity.[1] Specifically, Defendant argues that, as a charter school, it "shares in the state of Texas' sovereign immunity from ADA discrimination suits." Doc. 23 at 5. In response, Plaintiff agrees that charter schools are entitled to sovereign immunity, but contends that, based on the allegations in a December 20, 2017 federal criminal indictment returned against Woods (the "Indictment"), Defendant has "forfeited any protection of sovereign immunity based on the fraud, conspiracy, the pending forfeiture of property and the inure to a private shareholder or individual." Doc. 24-1 at 5-6. The Indictment alleges, *inter alia*, that from around March 2011 through at least January 2014, Woods participated in an illegal kick-back scheme while serving as Defendant's CEO.[2] Doc. 24-2 at 11-21.

Plaintiff essentially argues that Woods' allegedly fraudulent conduct, which the Indictment avers began in March 2011, automatically voided Defendant's charter contract based on a provision in Defendant's TEA Renewal Contract that if "any action … renders the charter school ineligible within the meaning of TEC §12.101(a), the charter contract shall be render[ed] void." Doc. 24-1 at 5-6. Plaintiff argues that because Woods' alleged fraud occurred prior to

---

[1] Because summary judgment in favor of Defendant is proper on this ground alone, the Court does not reach Defendant's other arguments.

[2] *See United States v. Woods, et al.*, No. 3:17-CR-00665-B (N.D. Tex.).

3

Defendant's charter renewal, Defendant must have misled the TEA in order to renew its contract. Doc. 24-1 at 5. Under Plaintiff's theory, Defendant was no longer a state charter school when it terminated Plaintiff's employment in June 2011, and thus, not entitled to claim the state's sovereign immunity. Doc. 24-1 at 5-6.

Plaintiff further argues that even if Defendant is afforded sovereign immunity, it is not an absolute bar to her ADA claims because she "can still sue to enjoin a state employer like [Defendant] from engaging in conduct that violates the ADA." Doc. 24-1 at 6. In reply, Defendant argues that Woods' indictment for allegedly wrongful acts committed in her individual capacity does not affect its Charter. Doc. 25 at 5.

## IV. ANALYSIS

"The Eleventh Amendment bars an individual from suing a state in federal court unless the state consents to suit or Congress has clearly and validly abrogated the state's sovereign immunity." *Perez v. Region 20 Educ. Serv. Ctr.*, 307 F.3d 318, 326 (5th Cir. 2002) (citing U.S. CONST. amend. XI). This immunity extends not just to the states themselves, but also to "any state agency or other political entity that is deemed the 'alter ego' or 'an arm' of the State." *Vogt v. Bd. of Comm'rs of Orleans Levee Dist.*, 294 F.3d 684, 688-89 (5th Cir. 2002) (citing *Regents of the Univ. of California v. Doe*, 519 U.S. 425, 429 (1997)). Congress did not abrogate the states' sovereign immunity in enacting Title I of the ADA. *Bd. of Trs. of Univ. of Alabama v. Garrett*, 531 U.S. 356, 368-74 (2001).

While the State may waive its sovereign immunity, the test for determining whether such a waiver has occurred is "stringent," *College Sav. Bank v. Fla. Prepaid Postsecondary Educ. Expense Bd.*, 527 U.S. 666, 675 (1999) (citation and internal quotation marks omitted), and is found in "only the most exacting circumstances," *Magnolia Venture Capital Corp. v. Prudential*

4

*Secs., Inc.*, 151 F.3d 439, 443 (5th Cir. 1998).  Generally, waiver is found if the State voluntarily invokes federal jurisdiction, or if it makes a "clear declaration" that it intends to submit itself to federal jurisdiction.  *College Sav. Bank*, 527 U.S. at 675-76 (citations omitted); *see also Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 99 (1984) ("the State's consent [to suit in federal court must] be unequivocally expressed") (citation omitted).  Thus, waiver of state sovereign immunity is not implied, and courts "indulge every reasonable presumption" against such waiver.  *College Sav. Bank*, 527 U.S. at 682 (citations omitted).

As noted previously herein, Plaintiff does not contest Defendant's assertion that Texas' sovereign immunity extends to Texas' charter schools, Doc. 24-1 at 4-5.  Therefore, the Court need only determine (1) whether Defendant waived immunity and, (2) in the event there was no waiver, to what extent sovereign immunity bars Plaintiff's claims.

**1. Defendant did not waive sovereign immunity.**

There is no evidence that Defendant voluntarily invoked federal jurisdiction in this case, and Plaintiff does not identify any "clear declaration" that Defendant intends to submit itself to federal jurisdiction.  *College Sav. Bank*, 527 U.S. at 675.  Plaintiff's reliance on the Indictment to show waiver lacks legal support and is unpersuasive.  As Plaintiff acknowledges in her summary judgment response, the criminal allegations against Woods are just that – allegations.  *See* Doc. 24-1 at 5 ("*If* the fraud as alleged in the indictment occurred . . . .") (emphasis added).  At a minimum, Defendant's waiver of sovereign immunity cannot be divined from a hypothetical scenario, which is neither unequivocal nor exacting.  *Halderman*, 465 U.S. at 99; *Magnolia Venture*, 151 F.3d at 443.

Even if Woods is eventually convicted, Plaintiff points to no legal authority imputing Woods' actions to Defendant or retroactively voiding Defendant's charter status on that basis.

As mentioned previously herein, waiver of sovereign immunity cannot be implied, and there is absolutely no evidence that Defendant has clearly declared its intention to submit to federal jurisdiction. Accordingly, Plaintiff has failed to establish Defendant's waiver of its sovereign immunity.

### 2. Sovereign immunity bars Plaintiff's claims in their entirety.

Defendant's immunity bars all of Plaintiff's claims. Plaintiff cites *Garrett* in support of her argument that sovereign immunity does not bar her claim against Defendant for injunctive relief. Doc. 24-1 at 6. In *Garrett*, the Supreme Court clarified that its holding

> that Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I does not mean that persons with disabilities have no federal recourse against discrimination. Title I of the ADA still prescribes standards applicable to the States. Those standards can be enforced by the United States in actions for money damages, as well as by private individuals in actions for injunctive relief under *Ex parte Young*, 209 U.S. 123, 28 S. Ct. 441, 52 L. Ed. 714 (1908).

531 U.S. at 374 n.9. However, the doctrine set forth in *Ex parte Young* and relied upon by the *Garrett* court "is narrow: It applies only to prospective relief, does not permit judgments against state officers declaring that they violated federal law in the past and *has no application in suits against the States and their agencies, which are barred regardless of the relief sought*." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993) (internal citations omitted and emphasis added).

Here, Plaintiff has sued only Defendant and none of its officers. Accordingly, Defendant's sovereign immunity bars all of Plaintiff's claims, including her claim for prospective injunctive relief. *Id.*; *see also Perez*, 307 F.3d at 332 n.7 (finding that sovereign immunity barred claim for injunctive relief where plaintiff only sued a state agency and not any of its officers).

6

## V. CONCLUSION

Based on the foregoing, Defendant's *Motion for Summary Judgment*, Doc. 22, should be **GRANTED** and Plaintiff's claims should be **DISMISSED WITH PREJUDICE**.

**SO RECOMMENDED** on April 24, 2018.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the particular finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from 10 to 14 days).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE